**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRYL MAURICE YOUNG,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:14cv473-MW/CAS**

**T. M. JOHNSON, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se in this civil rights action, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the Middle District of Florida. The case was transferred to this Court, doc. 3, and Plaintiff was directed to either pay the filing fee or file a motion seeking leave to proceed in forma pauperis. Doc. 5. Plaintiff has now filed the in forma pauperis motion, doc. 9, along with several other motions, docs. 6 and 8, and a notice of compliance, doc. 7. Plaintiff's original complaint, doc. 1, has also been reviewed.

    Plaintiff is incarcerated at Jefferson Correctional Institution and alleges that Defendants have violated his due process rights under <u>Wolff</u> because of the manner in

which he was sent to confinement when charged with a disciplinary report.  Doc. 1.  In response to the question on the complaint form concerning prior cases dismissed as frivolous, malicious or for failure to state a claim, Plaintiff listed case number 5:13cv184, appellate case number 13-13668, and case 4:07cv72.  Doc. 1 at 3-4.  After the last case, Plaintiff indicates it is currently on appeal.  *Id.* at 4.

Plaintiff previously initiated case number 5:13cv184 in the Middle District of Florida.  That case was dismissed for failure to state a claim on July 16, 2013.  Doc. 7 of that case.  Plaintiff then appealed that dismissal and the Eleventh Circuit Court of Appeals found Plaintiff's appeal to be frivolous on March 31, 2014.  Those two dismissals count as "strikes" under 28 U.S.C. § 1915A.

The third case Plaintiff listed has an incorrect case number.  It should have been case number 4:09cv72-RS/WCS, previously filed in this Court.  Judicial notice is taken that it was dismissed on August 28, 2009.  Docs. 51-52.  Plaintiff filed a notice of appeal, and on July 29, 2010, the Eleventh Circuit Court of Appeal affirmed the dismissal of Plaintiff's case in this Court.  Doc. 67 of case number 4:09cv72.  Plaintiff does not have an appeal pending.  More importantly, Plaintiff's case number 4:09cv72 was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff did not honestly disclose all prior cases.[1]

Accordingly, Plaintiff has had three cases dismissed for reasons listed in § 1915(e)(2).  Therefore, Plaintiff is not entitled to proceed in this case with in forma pauperis status.  28 U.S.C. § 1915(g).  Section 1915(g) provides:

---

[1] A listing of all prior cases filed by Plaintiff was provided in the Report and Recommendation, doc. 49, entered by United States Magistrate Judge William Sherrill.  There is no need to reiterate those cases here.

Case No. 4:09cv72-RS/WCS

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff had three prior dismissals at the time this case was initiated.

The instant complaint was reviewed to determine if Plaintiff made allegations that he was "under imminent danger of serious physical injury."  The complaint does not do so.  Plaintiff raises due process claims.  Thus, his allegations do not bring him within the "imminent danger" exception.  This case should be dismissed without prejudice.  Plaintiff may re-file this case if he simultaneously submits the full amount of the filing fee at the time of case initiation.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002) (rejecting prisoner's argument that the district court should have permitted an opportunity to pay the filing fee when denying an in forma pauperis motion pursuant to § 1915(g)).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 9, be **DENIED**, that the complaint, doc. 1, be **DISMISSED without prejudice**, and all other pending motions be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.  It is

further **RECOMMENDED** that the Clerk of Court note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 1, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**